UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENISE ONTIVEROS,

    Plaintiff,

-vs-                                                          NO. CIV 12-0729 LH/WLP

BIOTEST PHARMACEUTICALS
CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff's Motion to Extend Deadline (Docket No. 48), filed May 1, 2013. The Court, having considered the Motion, the memoranda of the parties, the record in the case, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken and it will be **granted**.

    Plaintiff moves to extend the deadline by one day for filing her Response to Defendant's Motion for Summary Judgment, pursuant to FED. R. CIV. P. 6(b). By prior agreement of the parties and as requested by Plaintiff, the Response was due on April 30, 2013. *See* Notice Agreed Extension (Docket No. 46), filed Apr. 9, 2013. Plaintiff did not meet this deadline and Defendant opposes any further extension, filing its Notice of Completion of Briefing (Docket No. 47), on May 1, 2013, and Response to Plaintiff's Motion (Docket No. 52), on May 3, 2013. On May 9, 2013, Defendant also filed its Notice of Agreed Conditional Extension of Time for Defendant to File Reply in Support of Motion for Summary Judgment (Docket No. 53). This Notice states that the

parties have agreed conditionally to extend the time for Defendant to file a reply brief in support of its Motion for Summary Judgment to ten days after an order by the Court granting an extension to Plaintiff or by May 20, 2013, whichever date is later.

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  "In determining whether a movant has shown excusable neglect, courts consider the circumstances, including 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  *Schupper v. Edie*, 193 F. App'x, 744, 746 (10th Cir. 2006) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993) (stating factors in context of "excusable neglect" test of Bankruptcy Rule 9006(b)); citing *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir.1995) (applying *Pioneer* definition in Rule 6(b) context)).

Defendant does not contend that it would be prejudiced by a one-day extension of the deadline for Plaintiff to file her response.  Indeed, the length of this delay is the least possible and also has only the most minimal impact on these judicial proceedings, which are in their early stages. Additionally, this appears to be but "a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)," and Plaintiff's counsel attempted to correct his action as promptly as possible after discovering the mistake.  *See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (quoting *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir.1988)).  Therefore, the Court finds that Plaintiff has acted in good faith and that she has shown excusable neglect.

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Deadline (Docket No. 48), filed May 1, 2013, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket No. 49), filed May 1, 2013, is deemed timely filed and the Notice of Completion of Briefing (Docket No. 47), filed May 1, 2013, is stricken from the record.

**IT IS FURTHER ORDERED** that Defendant's reply brief in support of its Motion for Summary Judgment be filed no later than ten (10) days from the date this Memorandum Opinion and Order is entered.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**