**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DENISE ONTIVEROS,**

**Plaintiff,**

**v.** **CIV No. 12-729 LH/WPL**

**BIOTEST PHARMACEUTICALS CORPORATION,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff's Motion to Review Clerk's Order Settling Costs (ECF No. 143). The Clerk's Order granted costs to Defendant in the amount of $13,544.19. The Court, having considered the motion, briefs of the parties, Plaintiff's affidavit and applicable caselaw, concludes that Plaintiff's motion shall be **denied**.

## Legal Standards

Federal Rule of Civil Procedure 54(d) authorizes an award of costs to prevailing parties. The Rule states that "costs -- other than attorneys' fees -- should be allowed to the prevailing party." FED.R.CIV.P. 54(d)(1). The Tenth Circuit has held that Rule 54(d) creates a presumption that the prevailing party shall recover costs. *True Temper Corp. v. CF&I Steel Corp.*, 601 F.2d 495, 509-10 (10th Cir. 1979). A district court's denial of costs is reviewed for an abuse of discretion. *Id.*

The Tenth Circuit has interpreted the district court's discretion as to costs as being limited in two ways. First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for not awarding costs. *Cantrell v. International Brotherhood of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-459 (10th Cir. 1995)(*citations omitted*); *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

The presumption that the Court should award costs to the prevailing party may be overcome by certain circumstances which, if shown, justify the Court exercising its discretion to deny costs. *See Cantrell,* 69 F.3d at 459 (citing circumstances in which a district court may properly deny costs to a prevailing party, such as where the prevailing party was only partially successful, was obstructive or acted in bad faith; where damages were only nominal; where the costs were unreasonably high or unnecessary; where the issues were close and difficult; where damages were only nominal; or, where the non-prevailing party was indigent). The burden to overcome this presumption is obviously on the non-prevailing party. *Id.* Because a denial of costs is a "severe penalty," there must be "some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg,* 44 F.3d 1497, 1507 (10th Cir. 1995). Not only must the district court explain its reasons for denying costs to the prevailing party, but the reasons given must also be adequate. *See* 10 James W. Moore, MOORE'S FEDERAL PRACTICE § 54.101[1][b], at 54-152 (3d ed.2014).

**Positions of the Parties**

In the immediate motion, Plaintiff does not object to the amount or type of costs that were awarded by the clerk's order, but requests that they be set aside on grounds that she does

not have the ability to pay and that imposition of these costs is inequitable under the circumstances. In support of this position, Plaintiff refers the Court to her affidavit that was attached to Plaintiff's Response to Motion to Tax Costs (ECF No. 139).

Plaintiff's affidavit states that after termination of her employment at Biotest Pharmaceuticals Corporation, she lost $119,000.00 in wages (*Id.* ¶ 3); that she had to relocate to Texas to find employment in another field (*Id.* ¶4); that she incurred $7,334.00 in seeking new employment and $5,000.00 in moving expenses (*Id.* ¶¶ 5,6); that when she lived in New Mexico, she had earned income as a court certified interpreter, and that she lost $11,250.00 in income from her inability to work as an interpreter (*Id.* ¶ 7); that she had to purchase another home in Texas and lost $90,000.00 of equity in her New Mexico home (*Id.* ¶ 8); that she currently has no savings (*Id*. ¶ 9); and, that her current monthly expenses of $5,510.19 exceed her current monthly income of $5,416.00 (*Id.* ¶¶ 10, 11).

Defendant cites *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) for the proposition that a claim of inability to pay costs is no reason Defendant should be penalized by reducing the award of costs.

**Discussion**

The Court finds the *Rodriguez* case instructive in this matter. In that case, the district court considered two circumstances as relevant to the award of costs: (1) that the plaintiffs were indigent; and, (2) that the case presented a "close and difficult question." Despite these two circumstances, the district court declined to disallow costs, noting that the denial of costs is punitive, that there must be some apparent reason to penalize the prevailing party if costs are to be denied, and that the losing party had offered no reason as to why the prevailing party should

be penalized. The Tenth Circuit upheld the district court's award of costs to the prevailing party, emphasizing that the burden of proof was on the losing party, who had offered no reason why the prevailing party should be penalized. *Rodriguez,* 360 F.3d at 1190; s*ee also Klein,* 44 F.3d at 1507.

Defendant does not dispute Plaintiff's claim of indigence. This is the only circumstance relied upon by Plaintiff, in her attempt to overcome the presumption that Defendant is entitled to an award of costs. The Tenth Circuit has held that indigence is not a controlling factor, and that a district court does not abuse its discretion by taxing costs against an indigent party. *Johnson v. Oklahoma ex rel. Univ. of Oklahoma Bd. of Regents,* 229 F.3d 1163 (10th Cir. 2000)(Table)(unpublished opinion), 2000 WL 1114194 *3[1]. Plaintiff's financial status is but one, nondispositive circumstance.

Significantly, as in the *Rodriguez* case, Plaintiff has offered no reason why Defendant should be penalized in this case, by disallowing an award of costs. The Court finds that Defendant has not engaged in any conduct that would suggest that the Court should penalize Defendant in the form of denying costs. Conduct that would merit such a penalty would be "obstructive conduct," "act[ing] in bad faith during the course of the litigation," or seeking costs that "are unreasonably high or unnecessary." *Cantrell,* 69 F.3d at 459. Plaintiff asserts none of these reasons, nor any others, to deny costs to Defendant.

Plaintiff has failed to meet her burden to overcome the presumption in favor of an award of costs to Defendant. While the Court recognizes that Plaintiff has suffered economic hardship, it is unable to find that Defendant should be penalized in this matter by denying it costs.

---

[1] Citation of an unpublished decision is disfavored, however an unpublished decision may be cited if: (1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (2) it would assist the court in its disposition. 10th Cir. R. 36.3(B). This Court finds that both conditions have been met, and therefore cites this unpublished opinion.

In light of the presumption in favor of awarding costs under Rule 54 to the prevailing party, and the lack of any reason to penalize the prevailing party, the Court concludes that it is appropriate to have Plaintiff pay the costs for this litigation. For these reasons, the Court concludes that the Clerk of the Court properly assessed the costs of the action against Plaintiff.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Review Clerk's Order Settling Costs (ECF No. 143) is **denied**.

**IT IS SO ORDERED.**

**SENIOR UNITED STATES DISTRICT JUDGE**